# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CODY FISCHER, On Behalf of Himself and All Others Similarly Situated, | ) ) COLLECTIVE ACTION ) |
| *Plaintiff*, | ) CASE NO. 2:20-CV-02599-MSN-tmp ) |
| v. | ) JUDGE MARK S. NORRIS ) |
| JWB PROPERTIES LLC d/b/a LOCAL GASTROPUB, | ) JURY DEMAND ) ) |
| *Defendant*. | ) |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

1. Plaintiff Cody Fischer ("Plaintiff") brings this action against Defendant JWB Properties LLC d/b/a Local Gastropub ("Defendant") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these FLSA claims as a collective action on behalf of himself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Defendant owns and operates a Memphis, Tennessee restaurant and bar (often referred to as a gastropub) and has employed dozens of servers and bartenders who were paid a tipped hourly rate lower than the minimum wage of $7.25 per hour during the statutory time period covered by this lawsuit. Plaintiff asserts that Defendant improperly pays this lower tipped hourly rate to servers and bartenders by: (1) requiring these employees to spend more than 20% of each shift performing non-tip-producing work tasks at the lower tipped hourly rate; (2) requiring these employees to use tips to pay customer bills as a result of customers failing to pay their bills; and (3) improperly requiring tipped employees to share tips with non-tipped employees.

## I. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant has conducted business in this judicial district during the statutory time period covered by this lawsuit and because the claims arose in this judicial district.

## II. PARTIES

**A.    Plaintiff**

5. Plaintiff Cody Fischer is over the age of nineteen (19) and is a resident of Memphis, Shelby County, Tennessee. Plaintiff Fischer was employed by Defendant as a bartender at its restaurant and bar from approximately May 2017 until June 2020.

**B.    Defendant**

6. Defendant JWB Properties LLC is a Tennessee limited liability company doing business within this judicial district. Specifically, Defendant JWB Properties LLC owns and operates a Local Gastropub restaurant and bar in Memphis, Tennessee, located at 2126 Madison Avenue, Memphis, Tennessee 38104 (the "Midtown location").

7. The registered agent for Defendant JWB Properties LLC is Jeffrey Johnson who can be served at 95 South Main Street, Suite 106, Memphis, Tennessee 38103-2945.

8. Defendant employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

9. Defendant has at all relevant times been an employer of Plaintiff and those servers and bartenders he seeks to represent in this action, within the meaning of the FLSA.

### III. FACTS

10. Plaintiff and those he seeks to represent in this action are current and former servers and bartenders at Defendant's Local Gastropub restaurant and bar in Memphis, Tennessee.

11. Defendant pays Plaintiff and other servers and bartenders at its Local Gastropub restaurant and bar an hourly wage below $7.25. For example, Defendant paid Plaintiff $2.13 per hour.[1]

12. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, Defendant purports to utilize a "tip credit" for each hour worked by Plaintiff and other servers and bartenders at its Local Gastropub restaurant and bar. *See* 29 U.S.C. § 203(m). For example, the "tip credit" for Plaintiff was $5.12 for each hour worked.

13. Defendant requires Plaintiff and other servers and bartenders to spend well more than 20% of their time performing non-tip-producing work tasks while being paid the lower tipped hourly rate.

14. Such non-tip-producing work includes, but is not limited to, cleaning and degreasing floor and bar mats, washing glasses and dishes, rolling silverware, sweeping, moping, cleaning the bathroom, scrubbing baseboard, cleaning light fixtures, stocking drinks, cleaning the ice machine, cleaning tables, cutting fruit, and stocking condiments and other food supplies.

15. Defendant also requires bartenders to spend significant time each day handling "to go" orders that are submitted by customers via third-party services, such as Uber Eats and Door Dash.

16. Bartenders are required to retrieve "to go" orders that are submitted electronically

---

[1] For an approximately one-month period after reopening during the Coronavirus pandemic, Defendant paid Local Gastropub servers and bartenders an amount exceeding $7.25 per hour.

by these services, and then submit them manually through Defendant's customer ordering system.

17. Then, once Defendant's kitchen has prepared the food that is ordered "to go" through third-party services, bartenders prepare the order in a takeout container.

18. Once the delivery person arrives at Defendant's restaurant and bar, bartenders are responsible for providing the order to the delivery person.

19. Customers are unable to tip the bartenders for this work, and only the delivery person (who is not employed by Defendant) receives any customer tip associated with these orders.

20. Defendant requires Plaintiff and other servers and bartenders to perform these and other non-tip-producing work tasks at the beginning of their shifts prior to beginning their tip-producing tasks, throughout their shifts, and at the end of their shifts after finishing their tip-producing tasks.

21. On a routine basis, customers "walk out" of Defendant's restaurant and bar without paying.

22. Defendant requires the tipped employees serving customers who "walk out" to pay such customers' bills using tips received from customers during their shift.

23. As a result, Defendant's tipped employees are required to share their tips with Defendant.

24. Defendant also requires Plaintiff and other servers and bartenders to share tips with non-tipped employees who have no customer interaction. For example, as a bartender, Plaintiff was required to share tips with barbacks, who are paid more than minimum wage and who do not interact with customers.

### IV. COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective

action on behalf of the following individuals:

> All servers and bartenders employed by Defendant at its Midtown location, at any time since August 13, 2017, who were paid an hourly rate by Defendant of less than $7.25.

26. Plaintiff's claims should proceed as a collective action because Plaintiff and other servers and bartenders, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V. CAUSES OF ACTION

### VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE FLSA

27. All previous paragraphs are incorporated as though fully set forth herein.

28. Plaintiff asserts his claims on behalf of himself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

29. Plaintiff and similarly situated servers and bartenders are employees of Defendant entitled to the FLSA's protections.

30. Defendant is an employer covered by the FLSA.

31. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

32. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

33. While restaurants and bars may utilize a "tip credit" to satisfy their minimum and overtime wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See, e.g.*, 29 U.S.C. §§ 203(m) and 203(t).

34. Employers may only take the tip credit for employees in an occupation in which

the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that employers lose their right to utilize a "tip credit" when their tipped employees—such as Defendant's servers and bartenders—spend more than 20% of their shift performing non-tip-producing work.

35. By requiring Plaintiff and similarly situated servers and bartenders to spend more than 20% of their shift performing non-tip-producing work, Defendant forfeits its right to utilize the "tip credit" in satisfying their minimum wage and overtime obligations to Plaintiff and similarly situated servers and bartenders.

36. Employers, including managers and supervisors, are also prohibited from keeping any portion of the tips received by their employees for any purpose. 29 U.S.C. § 203(m)(2)(B). Employers who violate this provision forfeit the tip credit. 29 U.S.C. § 216(b).

37. By requiring tipped employees to pay bills that customers fail to pay, Defendant forfeits its right to utilize the "tip credit" in satisfying its minimum wage and overtime obligations to Plaintiff and similarly situated servers and bartenders.

38. Employers may only take the tip credit for employees who retain all tips they receive or share tips as part of a valid tip pool. 29 U.S.C. § 203(m)(2)(A)(ii). Employers forfeit the tip credit when their tipped employees are required to participate in invalid tip pooling arrangements.

39. By requiring tipped employees to share tips with non-tipped employees who do not have customer interaction, Defendant forfeits its right to utilize the "tip credit" in satisfying their minimum wage and overtime obligations to Plaintiff and similarly situated servers and bartenders.

40. As such, Defendant has violated the FLSA's minimum and overtime wage mandate by paying Plaintiff and similarly situated servers and bartenders an hourly wage below $7.25 for

regular hours worked and below $10.88 for hours over forty (40) in a workweek.

41.     In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C.    A finding that Defendant has violated the FLSA;

D.    A finding that Defendant's FLSA violations are willful;

E.    A judgment against Defendant and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

F.    Prejudgment interest to the fullest extent permitted under the law;

G.    Liquidated damages to the fullest extent permitted under the FLSA;

H.    Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I.    Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: December 3, 2020

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (TN Bar No. 24968)**
**JOSHUA A. FRANK (TN Bar No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
PHILIPS PLAZA
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**J. LUKE SANDERSON (TN Bar No. 35712)**
44 N. Second St., Ste. 500
Memphis, TN 38103
Tel: (901) 523-1844
Fax: (901) 523-1857
Email: luke@wcwslaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *First Amended Collective Action Complaint* was filed electronically with the Clerk's office by using the CM/ECF system and served via the Court's ECF system on the following counsel for Defendant as listed below on December 3, 2020:

**J. MARK GRIFFEE (TN Bar #07220)**
**CHRISTOPHER M. WILLIAMS (TN Bar #036253)**
BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Phone: (901) 762-0535
Fax: (901) 762-0539
cwilliams@blackmclaw.com
mgriffee@blackmclaw.com

*Attorneys for Defendants*

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
   **MARTIN & GARRISON, LLC**

8