IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CODY FISCHER, On Behalf of Himself and All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 20-cv-02599-TMP |
| JWB PROPERTIES LLC et al., | )<br>) |
| Defendants. | ) |

---

### ORDER APPROVING SETTLEMENT
---

Before the court is Plaintiffs' Unopposed Motion For Approval of the Parties' Settlement Agreement and Dismissal With Prejudice, filed on August 27, 2021. (ECF No. 86.) Because this case is brought under the Fair Labor Standards Act, the parties must seek court approval of any proposed settlement, and the court must examine any proposed settlement for fairness. Day v. Razban Enterprises, Inc., No. 1:19-cv-01170-STA-jay, 2019 WL 11556857, at *1 (W.D. Tenn. Dec. 18, 2019). On September 16, 2021, the court held a hearing to evaluate the fairness of the proposed settlements and review the proposed payment structure. (ECF No. 87.) For good cause shown, the Motion is granted.

Under the Fair Labor Standards Act, claims for back wages can only be settled or compromised under Department of Labor

supervision, or after review for fairness by the presiding district court. O'Bryant v. ABC Phones of North Carolina, Inc., 2020 WL 4493157, at *6 (W.D. Tenn. Aug. 4, 2020). The review should ensure that the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. (citing Does 1-2 v. Déjà vu Servs., Inc., 925 F.3d 886 (6th Cir. 2019)).

The court approves the proposed settlement as detailed in the Settlement Agreement and Release of All Claims, (ECF No. 86-1,) and finds that the proposed settlement represents a fair and reasonable compromise between both parties. The settlement provides for $178,000 in exchange for the release of all claims against the defendants now existing under the FLSA. (ECF No. 86-1 at 2.) This amount will be allocated between the plaintiffs and their attorneys, with $90,500 distributed to the plaintiffs, (ECF No. 86-4 at 2), and $75,000 reserved for the fees and costs shouldered by their attorneys, (ECF No. 86-5 at 4). The $90,500 amounts to over two-thirds of what plaintiffs believed would be awarded to them were all their claims proven and accepted at trial. (ECF No. 86-3 at 5.) Given the risks and costs inherent in litigation, the court finds that the $90,500 is a fair and reasonable settlement of the plaintiffs' claims.

The court further finds that the $75,000 is fair and reasonable compensation for the plaintiffs' attorneys. While the amount represents roughly 45 percent of the total settlement fund

(after administrative costs), this is a reduction from the plaintiffs' attorneys' lodestar amount.[1] Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("In determining the amount of any award under the FLSA, courts start with the lodestar amount: the number of hours worked times a reasonable hourly rate[.]") In other cases where fees amounting to 40 percent or more of the settlement fund were found unreasonable, the award either represented a significant increase over the lodestar amount or was claimed after minimal work was done by the attorneys. See Grayson v. Madison Cnty., Tenn., 1:19-cv-1136-STA-tmp, 2019 WL 11583451, at *1-2 (rejecting a 40 percent contingency fee where it represented a nearly 50 percent increase over the lodestar amount and attorneys had done "little to no motion practice"); Chapman v. Jet Mall, No. 1:14-cv-267, 2015 WL 2062099, at *3 (rejecting a 40 percent contingency fee where it represented a 24.5 percent increase over the lodestar and attorneys had done only 27 hours of work). Some cases suggest that a 40 percent or greater take in fees and costs is "eyebrow raising." Herbert v. Chesapeake Operating, Inc., No. 2:17-cv-852, 2019 WL 4574509 at *5 (S.D. Ohio Sept. 20, 2019). But the Sixth Circuit has instructed courts to "not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney's fees [] 'encourages the vindication of

---

[1] Plaintiffs' attorneys have provided evidence of a lodestar amount of $84,117 in fees, and $7,697.06 in fronted costs.

congressionally identified policies and rights.'" Fegley v. Higgins, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (quoting United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing and Sheet Metal Co., 732 F.2d 495, 503 (6th Cir. 1984)). Here, plaintiffs' attorneys have accepted a significant reduction from their lodestar amount, and ensured that the structure of the settlement pays the plaintiffs' wage claims before any attorney's fees are recovered (ECF No. 86-3 at 8.) In light of case law and the settlement's structure, the court finds the fee award fair and reasonable.

For the foregoing reasons, the court approves the Plaintiffs' Unopposed Motion For Approval of the Parties' Settlement Agreement and Dismissal With Prejudice. Without affecting the finality of this order and the final judgment to be entered, the court will retain continuing jurisdiction over this action for the purpose of enforcing the settlement. The case is hereby dismissed with prejudice.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 17, 2021
Date